Opinion issued March 13, 2003


 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00897-CV

____________


KHALID SYED, Appellant


V.


SHERRY D. CAUDLE & FIROZ AHMED, Appellee






On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 2000-23619






O P I N I O N

 Appellees have filed a motion to dismiss for want of jurisdiction. More than
10 days have passed since its filing, and appellant has not responded. In the motion,
appellees assert that the order appealed from is an order of dismissal signed January
3, 2001, and that under the Texas Rules of Appellate Procedure, the latest date
appellant could have timely filed his notice of appeal to invoke this Court's
jurisdiction was April 18, 2001. (1) Appellees assert that appellant failed to do so by a
significant margin, filing notices of appeal on June 12, 2002 (2) and again on August 21,
2002, well over a year too late.

 The only document in the clerk's record dismissing the case is an order
signed January 3, 2001, tending to confirm appellee's assertion about the date of the
final order from which an appeal would arise and contradict an assertion in the
appellant's April 19, 2002 motion for new trial that a judgment was rendered against
him on March 20, 2002. 

 Based on an examination of the clerk's record, it appears to this Court that

the case was dismissed for want of prosecution by an order signed on January 3,
2001, and that appellant did not timely file a motion for new trial or any other
document extending the time for filing the notice of appeal. (3) Therefore, to perfect the
appeal, appellant would have to have filed his notice of appeal by February 2, 2002. 
See Tex. R. App. P. 26.1(a) (an appellant must file his notice of appeal within 30 days
after the judgment is signed, unless he timely files a motion for new trial, motion to
modify the judgment, a motion to reinstate, or a request for findings of fact and
conclusions of law, none of which, it appears, appellant timely filed). Neither does
it appear that appellant filed a motion for extension of time to file his notice of
appeal. See Tex. R. App. P. 26.3. Accordingly, it appears the July 12, 2002 and
August 21, 2002 notices of appeal contained in the clerk's record were filed well
outside the time limits to invoke this Court's jurisdiction.

 On January 30, 2003, we issued an order stating that we would dismiss this
appeal, without further notice on or after February 18, 2003, unless by that date
appellant demonstrated to this Court that it has jurisdiction. See Tex. R. App. P.
42.3(a).

 That time has passed and appellant has not responded to our order. 
Accordingly, the appeal is dismissed for want of prosecution.



PER CURIAM

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Do not publish. Tex. R. App. P. 47.
1. Appellees arrive at this date by assuming, for the sake of argument, that if appellant
had filed a motion for new trial, pursuant to Tex. R. App. P. 26.1(a), he would have
had 90 days from the date of dismissal order to file his notice of appeal (April 3.
2001), and if he had filed a motion for extension of time to file the notice of appeal,
pursuant to Tex. R. App. P. 26.3, the deadline could have been extended another 15
days (to April 18, 2001).
2. The clerk's record does not show a notice of appeal filed on June 12, 2002, but
rather a notice of appeal filed July 12, 2002.
3. The only motion for new trial contained in the clerk's record was filed April 19,
2002, well outside the time for filing a motion for new trial. See Tex. R. Civ. P. 329b
("A motion for new trial, if filed, shall be filed prior to or within thirty days after the
judgment or other order complained of.")